UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ARTHUR KETOLA,

                  Petitioner,                    Case No. 1:11-CV-135

v.                                              Hon. ROBERT HOLMES BELL

P. KLEE,

                  Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner is serving a sentence of 10 to 30 years imposed by the Allegan County Circuit Court after petitioner was convicted of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2). After unsuccessfully pursuing relief on direct appeal, petitioner filed a *pro se* habeas corpus petition on February 7, 2011. Pursuant to the court's direction, an amended petition was submitted on August 22, 2011. The amended petition raises seven grounds for relief.

        On September 26, 2011, District Judge Robert Holmes Bell issued an Opinion after his initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 cases. Judge Bell found that the habeas corpus petition was a "mixed" petition in that it contained both exhausted and unexhausted claims. Specifically, the court found that petitioner's fourth and fifth claims for relief contained allegations of ineffective assistance of counsel that had not been presented to every level of state appellate review as required by the exhaustion doctrine (Op., docket no. 15 at 4). Although petitioner attempted to inject these claims in a *pro se* application for leave to appeal to the State Supreme Court, those claims had never been presented to the State Court of

Appeals.  Consequently, the claims remain unexhausted.  *See Castille v. Peoples,* 489 U.S. 346, 351 (1989) (raising issue for first time on discretionary appeal to State Supreme Court does not "fairly present" claim for purposes of exhaustion).

Judge Bell's Opinion explained to petitioner his option of either filing an amended petition setting forth only his exhausted claims or seeking a stay of these proceedings so that he can return to the state courts for purposes of exhausting the two claims of ineffective assistance of counsel found in claims 4 and 5 of the amended petition.  If petitioner opted to pursue his unexhausted claims in the state courts, he was ordered to show cause within 28 days why he is entitled to a stay of proceedings. (Order, docket no.16).  Pursuant to Judge Bell's Order, petitioner has now filed a motion for stay.  For the reasons set forth below, I conclude that petitioner has not demonstrated entitlement to a stay under governing Supreme Court authority and recommend that the motion be denied.

## Discussion

When an applicant for habeas corpus relief has presented a mixed petition, that is, one presenting both exhausted and unexhausted claims, a district court has discretion to stay the proceedings to allow recourse to the state courts.  *See Palmer v. Carlton,* 276 F.3d 777, 781 (6th 2002).  In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies, but imposed limitations upon the granting of a stay.  The court directed that the stay and abeyance procedure should be available "only in limited circumstances," because the grant of a state effectively excuses a petitioner's failure to present his claims to the state courts and undermines the timeliness concerns reflected in Congress's adoption of the Anti-Terrorism and Effective Death Penalty Act.  544 U.S. at 277.  To accommodate these concerns, the *Rhines* court imposed two conditions precedent upon

2

the granting of a stay.  First, the petitioner must show "good cause" for his failure to exhaust remedies on direct appeal.  Second, petition must demonstrate that the unexhausted claims are not "plainly meritless."  *Id.* at 277-78; *accord, Hodge v. Haeberlin,* 579 F.3d 627, 638 (6th Cir. 2009).

Judge Bell's Order to Show Cause allowed petitioner an opportunity to make the requisite showing under *Rhines.*  Petitioner's motion (docket no. 17) falls far short of making the showing required by *Rhines.*  Petitioner shows neither good cause for failure to raise these issues on direct appeal nor any palpable merit in the unexhausted claims.

In an effort to show good cause, petitioner asserts only that he mistakenly thought that he had presented the issues properly in the state courts and that his failure to do so was caused by his lack of knowledge of the law.  He also asserts, in a single sentence, that appellate counsel was ineffective for failure to raise the issues on direct appeal.  These vague and conclusory assertions do not establish good cause.  In order to establish good cause, a habeas petitioner must show that "some objective factor external to the defense" prevented petitioner from complying with the requirements of the exhaustion rule.  *See Murray v. Carrier,* 477 U.S. 478, 488 (1986).  The Sixth Circuit routinely holds that neither a litigant's *pro se* status nor his ignorance of the law are sufficient to establish good cause.  *See Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004).  Ineffective assistance of appellate counsel can indeed suffice to show sufficient cause for failure to raise a claim that trial counsel was ineffective.  *See Ivory v. Jackson,* 509 F.3d 284, 294 (6th Cir. 2007).  But counsel's failure to raise an issue on appeal constitutes ineffective assistance only "if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal."  *Id.*  Petitioner makes no effort to demonstrate that his unexhausted claims meet this standard.  He merely asserts, without embellishment, that appellate counsel failed to "charge" trial counsel with ineffective assistance.  This is plainly insufficient.

3

More importantly, petitioner's submissions to this court affirmatively demonstrate that his unexhausted Sixth Amendment claims are plainly meritless.  Petitioner's statements of those claims, set forth verbatim, are as follows:

> Mr. Ketola's 14th Amendment due process rights were violated when judge abused his discretion.  Ineffective assistance claim persuing non persuable defense.  Counsel moved to have Mr. Ketola sent for a forensic evaluation.  Judge allowed a physical injury defense to be persued rather than send the petitioner to be evaluated.  Knowing that any and all information found could not be used as no evaluation was completed barring any information by an expert concerning Mr. Ketola's state of mind or his intent to commit a crime.  Defense counsel persued a defense that was not persuable nor reviewable, barring any appeal on the issue.  Continued in first petition filed.

> Mr. Ketola's 14th Amendment due process rights and his 6th Amendment right to present a defense was violated.  Mr. Ketola was dependant upon his trial counsel to follow the rules and for the court to enforce them.  Due to these errors, it was an impedement on this petitioners right to put on a defense, because, the court imposed mechanical and arbitrary rules to limit the medical experts testimony and at that point, he became the states witness.  Barring Mr. Ketola from showing medical evidence that he could not form intent at the time of the alleged crime, nor could he follow verable commands as he was suffering from a level 14 concussion.  He could not form intent – this issue was continued as ground five in first filing.

(Amended Petition, docket No. 14, grounds 4 and 5).

Petitioner's statement of his Sixth Amendment claims is barely intelligible and fails to allege grounds for relief.  Petitioner has attached to his motion for stay a draft motion for relief from judgment, which he proposes to file in the Allegan County Circuit Court if granted a stay (docket no. 17-1).  The argument contained in the proposed motion discloses that petitioner's claim is essentially that his trial counsel was ineffective for failing to seek a forensic examination in support of petitioner's insanity defense.  This contention is untenable in light of the findings of the Michigan Court of Appeals in this case.  On direct appeal, the opinion of the Court of Appeals

discloses that petitioner did indeed attempt to assert an insanity defense, but the defense was not based on mental disease or defect or on "physical damage" to petitioner's brain as a result of hammer blows, as petitioner now asserts. Rather, the proposed defense was temporary insanity, arising from involuntary intoxication. Defense counsel intended to argue "that defendant's wife had spiked his drinks with Valium or GHB and that defendant had no idea it was there or what effect it would have on him." (Michigan Court of Appeals Opinion, *People v. Ketola,* No. 284363, November 19, 2009.) A forensic examination is obviously irrelevant to a claim of temporary insanity.

Petitioner has failed to demonstrate that his Sixth Amendment claims concerning the effectiveness of trial counsel have even facial merit. The court should therefore dismiss petitioner's unexhausted claims on their merits and serve the petition on the Attorney General for purposes of addressing the exhausted claims only. Petitioner's motion for stay should be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that petitioner's motion for stay (docket no. 17) be **DENIED.** I further recommend that the Sixth Amendment claims embedded in petitioner's fourth and fifth grounds for relief be dismissed on their merits, and that the amended petition be served on respondent.

Entered: October 19, 2011        /s/ Joseph G. Scoville
                                 JOSEPH G. SCOVILLE
                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).